The opinion of the court was delivered by
Brewer, J.:
This was an action of replevin, brought in the court below by the defendants in error against the plaintiff in error, the sheriff of Dickinson county, to recover the possession of a stock of drugs seized by the sheriff as the property of one A. J. Logback. The case was tried before a jury, which returned a general verdict for the plaintiffs. No question is raised in this court as to the instructions or as to the rulings of the district court in the admission or rejection of testimony; and the only error alleged is, that the verdict was not sustained by the evidence. Upon this, the facts, undisputed, are as follows:
The property, at a time prior to the levy by the sheriff, was in the possession of Logback, and belonged to him. The plaintiffs claim to have purchased it; but' it is insisted that such purchase was without consideration, and there being no continued change of possession, was therefore void as against creditors.
In May, 1879, Logback, desiring to start in the drug business at the town of Enterprise, and needing five hundred dollars, obtained it, through his father-in-law, Jacob Ostrom, in this way: His father-in-law mortgaged his farm to a bank for five hundred dollars, and obtained the money, which was handed to Logback. The mortgage was signed alone by Ostrom, but the note was signed by Ostrom and Logback. At the end of a year, Logback paid the interest, and the note was renewed for another year. After the execution of the mortgage, Jacob Ostrom sold the farm to his sons, the plaintiffs, they taking the property' subject to the mortgage. In October, 1880, Logback’s creditors commencing suit, and pre *112 paring to levy upon this property, he sold it to his brothers-in-law, the plaintiffs, for this five hundred dollars. Was such sale without consideration? We think not, clearly. The transaction may be considered precisely as though the title to the farm remained still in the father-in-law; and while Log-back signed the note for this borrowed money, yet the security was unquestionably the farm of such father-in-law; and that Logback could turn the property over in payment for the five hundred dollars which his father-in-law had'obtained by mortgaging his farm, seems perfectly clear. The fact that Logback signed the note, does not make it any the less the debt of the father-in-law, or prevent his receiving from Logback the payment of that five hundred dollars, or a transfer of property in payment of it. Any different construction would result thus: If the father-in-law could not take a payment of this five hundred dollars, then the creditors might collect their debts of Logback, exhausting all the little property he had; and the father-in-law upon the maturity of the note would be compelled in some other way to raise the ■five hundred dollars, or suffer his farm to be sold under the mortgage. Surely this liability of the father-in-law is ample ■consideration for a sale of this property from Logback to him; and if so, it presents the same consideration when the sale is made to his sons, who have purchased this farm, subject to the mortgage.
There was, therefore, abundant consideration to sustain the sale; and as the question of good faith was settled in favor of the transaction by the verdict of the jury, and as upon the testimony there was sufficient to sustain this finding of good faith, the general verdict in favor of the plaintiff was right, and must be sustained. The judgment will therefore be affirmed.
All the Justices concurring.